UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID GUAJARDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-2113-B |
| | § | |
| WHB CATTLE, LP and WHB LAND, LLC, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND OPINION

Before the Court is Defendant WHB Land, LLC's ("WHB Land") Motion to Dismiss and Brief in Support (doc. 22), filed September 15, 2014. WHB Land requests that the Court dismiss Plaintiff David Guajardo's ("Plaintiff") claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, WHB Land's Motion is **DENIED**.

### I.

### BACKGROUND

On or about October 1, 2012, Plaintiff was struck by a truck while crossing FM 3004 near Follett, Texas in a vehicle "entrusted" to him by his employer WHB Cattle, LP ("WHB Cattle"), a ranching enterprise that maintains operations on both sides of FM 3004. Doc. 20, SAC ¶¶ 6, 9–10. As a result of the collision, Plaintiff suffered significant and permanent injuries, which required extensive medical intervention and caused Plaintiff to incur substantial medical expenses. *Id.* ¶¶ 12–14. In addition, Plaintiff claims that he experienced and continues to experience extreme physical pain and tremendous mental and emotional anguish as a result of the accident and resulting injuries.

*Id.* ¶ 15.

These events led Plaintiff to file a lawsuit against WHB Cattle in federal court on June 10, 2014, asserting claims for negligence and gross negligence and seeking damages for past and future medical expenses, pain and suffering, scarring and disfigurement, physical impairment, lost wages, and lost earning capacity. *Id.* ¶¶ 23–31. Specifically, Plaintiff alleges that WHB Cattle committed the following acts of negligence, which Plaintiff avers were the proximate cause of his injuries:

> [1] Hiring . . . careless and/or incompetent employee(s) who directed Plaintiff to operate motor vehicles knowing that it posed an unnecessary risk to Plaintiff, and without warning Plaintiff of those risks; [2] Failing to provide a safe working environment; [3] Failing to implement policies and procedures regarding workplace safety; and/or [4] Failing to provide proper work equipment, i.e. [a] proper[l]y maintained motor vehicle.

*Id.* ¶ 24, 26.[1]

Also named as a defendant in the lawsuit is WHB Land, which is the sole general partner of WHB Cattle, a limited partnership. *Id.* ¶ 3. Plaintiff claims that WHB Land is vicariously liable for WHB Cattle's negligence under the doctrine of respondeat superior, personally liable under Section 152.303 of the Texas Business Organizations Code, and jointly and severally liable for WHB Cattle's obligations under Section 152.304 of the Texas Business Organizations Code. *Id.* ¶¶ 20, 22.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a

---

[1] Elsewhere in his Complaint, Plaintiff contends that WHB Cattle required Plaintiff to operate a motor vehicle as part of his employment despite knowing that Plaintiff did not maintain a driver's license, and failed to train Plaintiff on how to properly operate a motor vehicle and obey the rules of the road. *Id.* ¶¶ 16–17.

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

### III.

### ANALYSIS

In its Motion to Dismiss, WHB Land contends that Plaintiff has failed to state a negligence claim against it for three reasons: *first*, because Plaintiff has alleged no facts to suggest that WHB

Cattle was employed by or was an agent of WHB Land, as is required to support a claim for relief under a theory of respondeat superior; *second*, because WHB Land may not be held directly liable for the negligence of WHB Cattle under Section 152.303 of the Texas Business Organizations Code; and *third*, because Plaintiff has failed to allege facts to support an inference that WHB Land owed Plaintiff a duty of care and, therefore, that it was personally negligent. WHB Land Br. 3–5.

In response, Plaintiff insists that WHB Land may be held liable for WHB Cattle's negligence under the doctrine of respondeat superior because WHB Land has control of the operations of WHB Cattle. Pl. Resp. Br. 3. Plaintiff also argues that he has successfully stated a claim against WHB Land, because as the sole general partner of WHB Cattle, a limited partnership, WHB Land is jointly and severally liable for WHB Cattle's liabilities and obligations under Section 152.304 of the Texas Business Organizations Code. Pl. Resp. Br. 3–4.

Having reviewed the parties' respective arguments and authority, the Court agrees with WHB Land that it cannot be held vicariously liable for WHB Cattle's negligence under a theory of respondeat superior, because WHB Cattle was not employed by or the agent of WHB Land, or personally liable, because Plaintiff has failed to allege facts sufficient to show that WHB Land owed him a duty of care. The Court concludes, however, that Plaintiff may pursue a claim against WHB Land under a theory of joint and several liability.

Generally speaking, a general partner of a limited partnership has the same liabilities to the partnership and to other partners as a partner in a general partnership. Tex. Bus. Orgs. Code § 153.152. Unless otherwise agreed by the claimant or provided by law, "all partners in a general partnership are jointly and severally liable for all obligations of the partnership." *Id.* § 152.304. Such partnership obligations include wrongful or tortious acts by the partnership. *Id.* § 152.303.

The liability of each partner is in addition to the liability of the partnership. A judgment against a partnership does not itself constitute a judgment against a partner, but a judgment may be entered against a partner who has been served in a suit against a partnership. *Id.* § 306(a). Alternatively, a claimant may first obtain a judgment against the partnership and then institute an action against one or more partners to enforce/recover the judgment. *Id.* § 306(b).

In this case, Plaintiff alleges that WHB Land is the sole general partner of WHB Cattle, a limited partnership, and as such, is jointly and severally liable for WHB Cattle's negligence under Section 152.304 of the Texas Business Organizations Code. SAC ¶¶ 3, 20. Thus, Plaintiff has properly asserted a claim for relief against WHB Land.[2]

## IV.

## CONCLUSION

For the reasons stated above, WHB Land's Motion to Dismiss is **DENIED**.

**SO ORDERED.**

**SIGNED: January 9, 2015.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Although WHB Land correctly observes in its Reply that Plaintiff could have pursued his claim solely against WHB Cattle and then sought to enforce any resulting judgment against WHB Land in a separate proceeding, the fact that WHB Land is not a necessary party to this lawsuit is not, as WHB Land contends, grounds for dismissing Plaintiff's claims against it. *See* Reply Br. 5. Rather, it was Plaintiff's prerogative to pursue its claims against WHB Land and WHB Cattle in the same lawsuit. *See* Tex. Bus. Orgs. Code § 152.305.